IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASHLEIGH MACKIN,

        Plaintiff,

v.   No. 1:21-cv-01052-JFR-KRS

OM SAI CORPORATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER CONSOLIDATING CASES

This case is one of ten cases Plaintiff has filed in this Court on November 2, 2021, with the other cases being:

    (i)    *Mackin v. OM 2000 Corp.*, No. 1:21-cv-1053-SCY-LF

    (ii)    *Mackin v. Galisteo Street Inc.*, No. 1:21-cv-1054-GBW-SMV

    (iii)    *Mackin v. Loretto Hotel Investment, LLC*, No. 1:21-cv-1055-GJF-JHR

    (iv)    *Mackin v. Sage Concept, LLC*, No. 1:21-cv-1056-JFR-SCY

    (v)    *Mackin v. JP Taos LLC*, No. 1:21-cv-1057-SCY-JFR

    (vi)    *Mackin v. Las Cruces Hotel LP*, No. 2:21-cv-1058-GJF-KRS

    (vii)    *Mackin v. Hotel St. Francis*, No. 1:21-cv-1059-GBW-LF

    (viii)    *Mackin v. Sangre de Cristo Hotel Investment LLC*, No. 1:21-cv-1060-JFR-LF

    (ix)    *Mackin v. Second Wind Partners Inc.*, No. 1:21-cv-1061-JHR-JFR.

The complaints in each of the ten cases are essentially identical in that they each allege that Defendants, who own places of lodging, have violated the Americans with Disabilities Act ("ADA") because their online reservation systems do not provide sufficient information or allow

for reservation of accessible guest rooms as required by a regulation promulgated pursuant to the ADA.

The undersigned, Chief Judge of this District Court, consolidates Plaintiffs' ten cases. *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may ... consolidate the actions; or ... issue any other orders to avoid unnecessary cost or delay"); 28 U.S.C. § 137(a) ("The chief judge of the district court ... shall ... assign the cases so far as such rules and orders do not otherwise prescribe").  The Court, which sits in a Southwest Border District and has a tremendous case load, finds that consolidation of the ten cases will efficiently utilize Court resources by having the same presiding Judge and same referral Judge addressing the ten cases.  Without consolidation, there will be eight Magistrate Judges addressing Plaintiff's essentially identical cases.

        **IT IS ORDERED** that:

(i)      The following cases are consolidated with this case:

    (a)    *Mackin v. OM 2000 Corp.*, No. 1:21-cv-1053-SCY-LF

    (b)    *Mackin v. Galisteo Street Inc.*, No. 1:21-cv-1054-GBW-SMV

    (c)    *Mackin v. Loretto Hotel Investment, LLC*, No. 1:21-cv-1055-GJF-JHR

    (d)    *Mackin v. Sage Concept, LLC*, No. 1:21-cv-1056-JFR-SCY

    (e)    *Mackin v. JP Taos LLC*, No. 1:21-cv-1057-SCY-JFR

    (f)    *Mackin v. Las Cruces Hotel LP*, No. 2:21-cv-1058-GJF-KRS

    (g)    *Mackin v. Hotel St. Francis*, No. 1:21-cv-1059-GBW-LF

    (h)    *Mackin v. Sangre de Cristo Hotel Investment LLC*, No. 1:21-cv-1060-JFR-LF

    (i)    *Mackin v. Second Wind Partners Inc.*, No. 1:21-cv-1061-JHR-JFR.

(ii)     The Clerk shall file this Order in each of the consolidated cases.

(iii)     All documents for each of the consolidated cases shall be filed only in this case:

*Mackin v. OM SAI Corporation*, 1:21-cv-01052-JFR-KRS.

**IT IS FURTHER ORDERED** that at the time deemed appropriate by the Clerk of Court, these consolidated cases shall be randomly assigned to a presiding District Judge and a referral judge.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**